## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DERICK CARTER,                     )
                                   )
            Plaintiff,             )
                                   )
      v.                           )      Civil Case No. 11-620 (RJL)
                                   )
BANK OF AMERICA, N.A., *et al.*,   )
                                   )
            Defendants.            )      **FILED**
                                   )
                                          FEB 2 7 2012

### MEMORANDUM OPINION
(February 26, 2012) [Dkt. # 5, 10]

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Plaintiff Derick Carter brings this action against Bank of America, N.A. ("Bank of America") and BAC Home Loan Servicing, L.P. ("BAC") (collectively, "defendants"), seeking damages for breach of contract.[1]  Before the Court is defendants' Motion to Dismiss and plaintiff's Motion for Leave to File Amended Complaint.  Upon consideration of the parties' pleadings, relevant law, and the entire record herein, the defendants' Motion to Dismiss is GRANTED, and plaintiff's Motion for Leave to File Amended Complaint is DENIED as moot.

### BACKGROUND

In 2001, plaintiff executed a Deed of Trust (the "Deed of Trust") for a loan from Bank of America to purchase residential and investment property (the "mortgage").

---

[1] In Count II of his complaint, plaintiff alleged a breach of duty of good faith and fair dealing, but withdrew this claim in his Opposition to Defendants' Motion to Dismiss. Compl. ¶¶ 36-48; Pl.'s Opp'n to Defs.' Mot. to Dismiss at 7.  This Court, therefore, need not and will not address the parties' arguments related to this issue.

Compl. ¶ 7. The Deed of Trust provides that "[e]xtension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower . . . shall not operate to release the liability of Borrower" and "[a]ny forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments . . . in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy." Defs.' Ex. A, Deed of Trust, at cl. 12.[2] In the event of default, defendants had the right to require immediate payment or invoke the power of sale. *Id.* at cl. 22. Plaintiff twice refinanced the mortgage. Compl. ¶¶ 9, 12. In November 2002, plaintiff executed a separate deed of trust for a line of credit from CommonWealth One Federal Credit Union (the "home equity loan") (together, with the mortgage, the "loans"), which he later refinanced. Compl. ¶¶ 8, 10.

Plaintiff sought to modify the terms of both his mortgage and his home equity loan with defendants. On November 25, 2009, defendants sent plaintiff a letter proposing terms modifying the mortgage. Compl. ¶ 15. The letter directed plaintiff to (1) carefully review all documents; (2) sign, date and notarize the Loan Modification Agreement; (3) remit the first payment due; (4) sign and date the Modification Bankruptcy Disclosure Rider; and (5) return all documents and first payment by December 14, 2009. Defs.' Ex. B, November 25, 2009 Modification Letter (the "Mortgage Modification Letter"), at 2. For the modification to become binding and effective, the signatures of both

---

[2] Plaintiff did not label the exhibits attached to his complaint; therefore, for purposes of clarity, the Court will refer to the exhibits defendants attached to their motion to dismiss.

plaintiff and BAC were required.  *Id.* at 1.  Plaintiff signed the Loan Modification

Agreement and returned it to BAC, along with the required funds, by overnight mail on

December 11, 2009.[3]   Compl. ¶ 16.  Defendants cashed the check accompanying the

Loan Modification Agreement, but plaintiff never received a copy of the agreement

signed by BAC.  Compl. ¶¶ 17, 21.  On December 17, 2009, defendants sent plaintiff a

letter proposing a temporary reduction in the terms of his home equity loan.  Compl. ¶ 18.

Plaintiff was directed to sign and return the letter within ten days and make three

consecutive monthly trial payments.  Defs.' Ex. C, December 17, 2009 Home Equity

Loan Modification Letter (the "Home Equity Loan Modification Letter"), at 1-2.  After

the three-month trial period, Bank of America would "finalize the modification terms."

*Id.* at 1.  Plaintiff "immediately signed . . . and returned" the letter.  Compl. ¶ 19.

Thereafter, plaintiff made "regular timely payments" but never received "returned

copies" of the Home Equity Loan Modification Letter.  Compl. ¶ 21.

        In the summer of 2010, defendants informed plaintiff that neither modification had

been accepted and they were accelerating his loans due to missing payments.

Compl.  ¶ 22.  Specifically, defendants informed plaintiff that he "had never been given a

permanent loan modification on either loan," his modification was denied, and Bank of

America "made a 'processing error' and his permanent loan modifications had not been

funded."  *Id.*

---

[3] In his proposed Amended Complaint, plaintiff additionally alleges that he carefully read
the documents and signed and dated the Modification Bankruptcy Disclosure Rider.  Am.
Compl. ¶ 17.

On January 31, 2011, plaintiff filed this lawsuit against defendants in Superior

Court for the District of Columbia. Defendants removed the action to this Court on

March 25, 2011. For defendants alleged breach of contract, plaintiff seeks numerous

forms of relief, including a declaratory judgment affirming the loan modifications as

valid and binding contracts, specific performance of the loan modifications, "financial

damages," "emotional damages," an "injunction" preventing defendants from harming

plaintiff, removal of negative credit history, a reduction in plaintiff's indebtedness, and

an award of costs and attorneys' fees. Compl. ¶¶ A-I.

## STANDARD OF REVIEW

Defendants move to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to

relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (citations and quotation marks omitted) (alteration in original). The "complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

"[T]he court need not accept inferences drawn by plaintiff[] if such inferences are

unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16

F.3d 1271, 1276 (D.C. Cir. 1994). The court may, however, consider "any documents

either attached to or incorporated in the complaint and matters of which [the court] may

4

take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

## ANALYSIS

Defendants argue that plaintiff has failed to allege the existence of a contract or damages, and cannot rely on quasi-contractual forms of relief. Defs.' Mot. to Dismiss at 5-9. Plaintiff, in turn, argues that the loan modifications were valid, binding contracts and seeks to amend his complaint to add claims for promissory estoppel and injunctive relief. Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n") at 2-9. However, even assuming the facts alleged in plaintiff's proposed amended complaint, plaintiff, for the following reasons, fails to state a claim upon which relief can be granted.

## I.  Breach of Contract

To state a claim for breach of contract, plaintiff must allege "(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach." *Ihebereme v. Capital One, N.A.*, 730 F. Supp. 2d 40, 47 (D.D.C. 2010) (quoting *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009)). Under District of Columbia law, a valid and enforceable contract exists where there is "both (1) agreement as to all material terms, and (2) intention of the parties to be bound." *Kramer Assocs., Inc. v. Ikam, Ltd.*, 888 A.2d 247, 251 (D.C. 2005) (quoting *Georgetown Entm't Corp. v. District of Columbia*, 496 A.2d 587, 590 (D.C. 1985)) (alteration in original). Although mutual agreement "is most clearly evidenced by the terms of a signed written agreement . . . such a signed writing is not essential to the

formation of the contract. The parties' acts at the time of the making of the contract are also indicative of a meeting of the minds." *Kramer Assocs., Inc.*, 888 A.2d at 252 (quoting *Davis v. Winfield*, 664 A.2d 836, 838 (D.C. 1995)) (internal quotation marks omitted). "In the absence of a valid agreement, a breach of contract claim cannot be sustained." *Cambridge Holdings Grp., Inc. v. Fed. Ins. Co.*, 357 F. Supp. 2d 89, 94 (D.D.C. 2004) (citation omitted), *appeal dismissed*, 489 F.3d 1356 (D.C. Cir. 2007).

Accepting plaintiff's allegations as true, plaintiff has failed to allege the existence of a contract to permanently modify the loans. Even assuming that, as alleged in his proposed Amended Complaint, plaintiff performed all the prerequisites outlined in the Mortgage Modification Letter, no contract to modify the mortgage was formed because defendants never executed the Loan Modification Agreement—a requirement for the contract's formation. Defs.' Ex. B at 1. Contrary to plaintiff's allegations that the Mortgage Modification Letter demonstrates defendants' intent to be bound, Pl.'s Opp'n at 3-4, the letter is clear that no contract will be formed unless and until defendants sign the Loan Modification Agreement. Defs.' Ex. B at 1. Plaintiff admits that he never received signed copies of the agreement. Compl. ¶ 22.

Nevertheless, plaintiff argues that he accepted an offer to modify the mortgage when he followed the letter's directions. Compl. ¶¶ 16, 20; Pl.'s Opp'n at 3-5. However, "[a]n offer is a manifestation of intent to be bound without further action on the part of the offeror." *RDP Techs., Inc. v. Cambi AS*, 800 F. Supp. 2d 127, 141 (D.D.C. 2011) (citing *1836 S St. Tenants Ass'n v. Estate of B. Battle*, 965 A.2d 832, 839 (D.C. 2009)).

6

The letter was not an offer, but a proposal requiring plaintiff to take certain steps. Once plaintiff completed those steps, no "further action" by plaintiff was required, and therefore, plaintiff extended an offer to defendants. *Id.* Defendants then had the ability to accept by signing the Loan Modification Agreement. Although a signature is not always essential to a contract's formation, here, because defendants' signature was a required element of contract formation, their election not to sign the Loan Modification Agreement demonstrates their lack of intent to be bound and confirms that there was no meeting of the minds. *Kramer Assocs., Inc.*, 888 A.2d at 252.

Similarly, plaintiff has failed to allege the formation of a contract to permanently modify the Home Equity Loan. At best, the parties formed a contract for a temporary modification of the loan's terms. By signing and returning the Home Equity Loan Modification Letter, plaintiff merely agreed to make three "trial payments" over a three-month period, not to permanently change the loan's terms.[4] Defs.' Ex. C at 1-2. Plaintiff argues that the letter demonstrates defendants' intent to be bound. Pl.'s Opp'n at 3-4. It does, but only for a trial period. The letter indicates that the modification would not be finalized until plaintiff successfully completed the three-month trial period. Defs.' Ex. C at 1. At the end of the trial period, and only if plaintiff paid all three monthly trial payments, defendants would "finalize the modification terms." *Id.*

Construing the complaint in the light most favorable to the plaintiff, the Court

---

[4] Defendants emphasize that the Home Equity Loan Modification Letter attached to the complaint was not signed. Yet, this is of no import. In his complaint, plaintiff alleges that he signed the letter, Compl. ¶ 19, and this Court accepts the allegations as true for purposes of a motion to dismiss.

interprets plaintiff's allegation that he made "regular timely monthly payments," Compl.
¶ 20, to mean that plaintiff successfully completed the trial period.  Defendants, however,
did not finalize the modification thereafter, and "denied [plaintiff] a permanent loan
modification." Compl. ¶ 22.  Accordingly, plaintiff's allegations demonstrate, at most,
that the parties entered into a contract for a temporary modification of the home equity
loan, and that defendants then denied the permanent modification.

Plaintiff additionally alleges that defendants assented to the loan modifications and
intended to be bound when they accepted his loan payments.  Compl. ¶¶ 17, 31.
However, the Deed of Trust specifically states that defendants' acceptance of payments
"in amounts less than the amount then due" does not waive defendants' right to accelerate
or foreclose on the mortgage, Defs.' Ex. A at cls. 12 & 22, and the Home Equity Loan
Modification Letter explicitly required monthly payments, Defs.' Ex. C at 1.  Therefore,
by accepting plaintiff's payments, the defendants were acting in accordance with the
terms of the Deed of Trust and the Home Equity Loan Modification Letter, not
demonstrating intent to be bound.  Plaintiff even admits that defendants told him the
modifications were denied.  Compl. ¶ 22.  Because defendants did not sign the Loan
Modification Agreement, did not finalize the home equity loan modification, and
demonstrated no intent to be bound, no contracts were formed to permanently modify the
loans.[5]

---

[5] Because plaintiff has failed to state a claim upon which relief can be granted, plaintiff's
request for injunctive relief is denied.

## II. Equitable Relief

Unfortunately for the plaintiff, it would not be appropriate in this case to allow him to amend his complaint to include a promissory estoppel claim. Plaintiff freely admits that he "made no claim for promissory estoppel" when he filed his complaint. Pl.'s Opp'n at 6. In his Opposition to Defendants' Motion to Dismiss, however, he suddenly seeks to amend his complaint and plead it in the alternative. *Id.* A claim based on promissory estoppel "presuppose[s] that an express, enforceable contract is absent." *Plesha v. Ferguson*, 725 F. Supp. 2d 106, 112 (D.D.C. 2010). Therefore, where "an express contract that governs the parties' conduct" exists, "courts generally prohibit litigants from asserting these claims." *Id.* Here, the mortgage and home equity loan deeds of trust are express contracts that govern the parties' relationship. Therefore, to the extent that plaintiff sought relief under the theory of promissory estoppel in his complaint, that claim is dismissed.

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS the defendants' Motion To Dismiss and DENIES plaintiff's Motion for Leave to File Amended Complaint as moot. This action is dismissed in its entirety. An Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge